### CHARLES NEIMAN v. THE STATE.
#### *No. 3087.   Decided February 21.*

1.   **Complaint — Jurat.** — A jurat to a complaint must be signed officially by the officer administering the oath.   A jurat signed "Win Greer, J. P.," is invalid.   Such signature does not designate the official character of the person signing.   It might be inferred that the letters "J. P." meant "justice of the peace," but in criminal pleading inferences will not be indulged.   If the signature had been "Win Greer, J. P. Prec. No. —, W. C.," indicating the county and precinct, it would doubtless have been held sufficient.

2.   **Same — Amendment.** — A jurat to a complaint may, at the proper time, be amended, but not after verdict, and the amendment must be made by the officer who administered the oath.

3.   **Information.**—An information must be supported by a valid complaint, and a complaint is not valid which is not tested by a valid jurat.

APPEAL from the County Court of Waller.   Tried below before Hon. H. C. Tompkins, County Judge.

This conviction is for an aggravated assault and battery, the punishment assessed being a fine of $15.

The prosecution is by information, and the jurat to the complaint upon which the information is based is as follows:

"Sworn to and subscribed before me, this the 30th day of July, A. D. 1888.       "WIN GREER, J. P."

A motion in arrest of judgment was made by the defendant, the ground of said motion being the insufficiency of the complaint, because there was no jurat to said complaint showing that said complaint had been sworn to before an authorized officer.   It was alleged in said motion, and also proved, that the letters "J. P." after the name "Win Greer" in the jurat were placed there after the information had been presented, and without the knowledge or consent of the defendant.   Said motion was overruled by the court.

*W. J. Poole,* for appellant, in support of the assignment that the court erred in overruling defendant's motion in arrest of judgment, cited Morris v. The State, 2 Texas Ct. App., 502; Patillo v. The State, 3 Texas Ct. App., 442; Dishough v. The State, 4 Texas Ct. App., 158; Scott v. The State, 9 Texas Ct. App., 434; Robertson v. The State, 25 Texas Ct. App., 529.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—What purports to be the original complaint upon which the information in this case is based is incorporated in the transcript, and not being properly verified and identified, the Assistant Attorney-General has agreed that it can be treated as though such identification was established.

This alleged complaint purports to have been sworn to before " Win Greer, J. P.," on July 30, 1888.

Without contradiction it is made to appear by affidavits that the letters "J. P." were added to the name "Win Greer" subsequent to the January Term, 1889, of the County Court of Waller County, by some one unknown to appellant, and without his consent. As to who wrote the letters "J. P." in said complaint nothing is shown.

Had the defective jurat been called to the attention of the court at the proper time, the officer who administered the oath to the affiant could have been permitted to *teste* said complaint by placing his jurat thereto. It would have been but making the complaint speak the truth. This must be done at the proper time, and it could not be done after verdict. No one else could place the officer's jurat to the complaint but the officer swearing the affiant. This he did not do.

But the addition of "J. P." to the name "Win Greer" was not sufficient as a designation of official capacity. It might be inferred that "J. P." was an abbreviation of "justice of the peace," but in criminal pleading inferences will not be indulged to supply such defects. Before this inference could be indulged the addition of the two letters signifying that he was such justice of the peace must be supplied legitimately. This was not done. In order to hold the complaint valid we must supply the defects by an inference based upon a proved forgery. This the courts will not do. If Win Greer was a justice of the peace in Waller County, he was also such justice in one of the precincts of said county. He should have signed the same officially, and so tested the same. Willson's Crim. Stats., sec. 2714. If he had added to his signature the letters and figures "J. P. Prec. No. —, W. C.," indicating the county and precinct, this would have doubtless been sufficient to identify his official character.

As the complaint is presented in the record it has no jurat to it, and without a jurat such complaint will not support an information. Rob-

ertson v. The State, 25 Texas Ct. App., 529; Scott v. The State, 9 Texas
Ct. App., 434; Dishough v. The State, 4 Texas Ct. App., 158; Morris v.
The State, 2 Texas Ct. App., 502.

It was said in Robertson's case, above cited and here reiterated, that
"it will not do for the courts to sustain such loose practice in proceedings
which jeopardize the liberty of the citizen."

The complaint being so fatally defective that it can not form the basis
of the information, the judgment is reversed and prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.