The STATE of Texas, Appellant,

v.

Carroll PIERCE, Jr., Appellee.

No. 3–90–213–CR.

Court of Appeals of Texas,
Austin.

Sept. 25, 1991.

James M. Pape, San Marcos, for appellant.

Charles Chapman, Crim. Dist. Atty., John A. Costello, Asst. Crim. Dist. Atty., San Marcos, for appellee.

Before POWERS, JONES and ONION *, JJ.

ONION, Justice (Retired).

This is an appeal by the State from an order quashing and dismissing an information. *See* Tex.Code Cr.P.Ann. art. 44.-01(a)(1) (Supp.1991). The complaint and information charged Carroll Pierce, Jr. with the misdemeanor offense of driving a vehicle in a public place while intoxicated. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (1988). Appellee Pierce filed a motion to quash the information on the basis that the information (1) failed to allege or name a complainant and (2) was based upon a complaint which did "not adequately allege the authority to so act of the person before whom the complaint was sworn and subscribed."

On September 12, 1990, the trial court, apparently after a hearing, granted appellee's motion to quash the information and ordered the information dismissed "with prejudice." [1]

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (1988).

1. Whenever the trial court sustains a motion, it is presumed, unless otherwise shown, that it has acted on the grounds asserted by the movant. *Wilson v. State*, 792 S.W.2d 477, 481 (Tex.App. 1990, no pet.).

On September 19, 1990, the appellee filed a motion to dismiss criminal action No. 32104 on the basis that the motion to quash had been previously granted. The trial court granted the motion, dismissed the cause "with prejudice," and discharged the appellee. The State gave notice of appeal.

The State advances four points of error. In points of error two and three, the State contends that the trial court erred in quashing the information because there is no need to allege or name a complaining witness in the information in a driving while intoxicated prosecution, and that the instant complaint's jurat was sufficient to meet the requirements of the law. The fourth point of error contends that the trial court's "dismissal of the case" was an improper remedy when a motion to quash has been granted. The State, as appellant, contends in the first point of error that the trial court's actions in quashing and dismissing the complaint and information were in error "because the record is silent as to whether the substantial rights of the defendant were prejudiced."

 The elements of the offense of driving while intoxicated are (1) a person (2) drives or operates a vehicle (3) in a public place (4) while intoxicated. *See* Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (Supp. 1991); *see also Shaw v. State*, 622 S.W.2d 862, 863 (Tex.Cr.App.1981); *Ford v. State*, 571 S.W.2d 924, 925 (Tex.Cr.App.1978). There need not necessarily be a "victim" or complaining witness in a driving while intoxicated offense for there to be a violation of the law. *Moallen v. State*, 690 S.W.2d 244, 246 (Tex.Cr.App.1985). Thus, an information charging a driving while intoxicated offense is not fatally defective for the failure to allege or name a complaining witness in the information itself.

Appellee, in the trial court and in his appellate brief, relied upon *Ex parte Lewis*, 544 S.W.2d 430 (Tex.Cr.App.1976). *Lewis* held that a felony information[2] charging aggravated assault with a deadly weapon was fatally defective for failure to allege (1) the name of a complainant and (2) that the defendant caused or threatened to cause harm or injury to another as required "under V.T.C.A. Penal Code sections 22.01 and 22.02." Relief was granted in this post-conviction habeas corpus proceeding on both grounds. The *Lewis* opinion did make a rather global statement:

> We agree, noting that it is fundamental that the name of the complaining witness is a necessary requisite to a valid indictment or information. *See* Articles 21.02, 21.07 and 21.21 V.A.C.C.P.

*Lewis*, 544 S.W.2d at 431.

The statutes cited above in *Lewis* dealing with the requisites of an indictment and an information, and the "allegation of name" therein do not support the broad general conclusion stated in *Lewis*. While the statement might be accurate with regard to the elements of the offense charged in *Lewis*, it does not have universal application to every criminal offense. The court of criminal appeals recognized this in *Moallen*, 690 S.W.2d at 245–46. *Moallen* held that an indictment for credit card abuse was not fundamentally defective for the failure to allege that there was a "victim," because the offense did not require a "victim" for there to be a violation of the law. *Moallen* found that the court of appeals' reliance upon *Lewis* was misplaced. Likewise, we find that the reliance of the appellee's and the trial court's reliance on *Lewis* in the instant case to be misplaced as well. A complaining witness is not an essential element that must be named in the information itself, and the requisites of an information do not require the allegation of a complaining witness. *See* Tex.Code Cr. P.Ann. art. 21.21 (1989). While a valid complaint is a requisite to a valid information, it is not required that the complaint be referred to in the information. *Ashley v. State*, 237 S.W.2d 311, 313 (Tex.Cr.App. 1951); *Johnson v. State*, 17 CR 230 (Tex.

---

2. *See* Tex.Code Cr.P.Ann. art. 1.141 (1977). Where a defendant waives the right to be tried upon an indictment in a noncapital felony case, and agrees to be tried upon a felony information, there is no necessity that the information be based on a complaint. *Ex parte Hyett*, 610 S.W.2d 787, 788 (Tex.Cr.App.1981); *Chapple v. State*, 521 S.W.2d 280, 282 (Tex.Cr.App.1975).

Ct.App.1884). The State's second point of error is sustained.[3]

The third point of error presents a more difficult question. The pivotal issue is whether the information was based upon a sufficient complaint. It appears that the trial court ruled that the jurat on the complaint was insufficient to show the authority or official character of the officer or person before whom the complaint was sworn to and subscribed.

The complaint (affidavit) in the instant case was signed by a Karen Parker. The jurat on the complaint reflects:

> Subscribed and sworn to before me on this 23rd day of January, 1990.
> /s/ John A. Costello
> Attorney for the State
> Hays County, Texas

Article 21.22 of the Code of Criminal Procedure provides:

> No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney, *who, for that purpose, shall have the power to administer the oath,* or it may be made before any officer authorized by law to administer oaths.

Tex.Code Cr.P.Ann. art. 21.22 (1989) (emphasis supplied).[4]

The above quoted statute grants limited authority to district and county attorneys to take the oath to a complaint upon which an information may be based. The limited authority would extend to their assistant prosecuting attorneys. *See* Tex. Gov't Code Ann. §§ 41.101–41.103 (1988). *See also Ramirez v. State,* 171 Tex.Crim. 507, 352 S.W.2d 131 (1962) (assistant district attorney); *Lacy v. State,* 160 Tex.Crim. 95, 267 S.W.2d 139 (1954) (assistant district attorney); *Moore v. State,* 151 Tex.Crim. 542, 209 S.W.2d 192 (1948) (assistant county attorney); *Bell v. State,* 761 S.W.2d 847, 848 (Tex.App.1988, no pet.) (assistant county attorney). The officers and persons who may generally administer oaths are statutorily listed. Tex.Rev.Civ.Stat.Ann. art. 26 (Supp.1991). The list does not include a district or county attorney or an "attorney for the state."

A valid complaint is a prerequisite to a valid information. *Holland v. State,* 623 S.W.2d 651, 652 (Tex.Cr.App.1981). Without a valid complaint, the information is worthless. *Williams v. State,* 133 Tex. Crim. 39, 107 S.W.2d 996, 977 (1937). A jurat is the certificate of the officer before whom the complaint is made stating that it was sworn to and subscribed by the affiant before the officer. *Carpenter v. State,* 153 Tex.Crim. 99, 218 S.W.2d 207, 208 (1949). A jurat is essential, for without it, the complaint is fatally defective and will not support an information. *Shackelford v. State,* 516 S.W.2d 180 (Tex.Cr.App.1970). The jurat must be dated and signed by the official character. *See* 22 Tex.Jur.3d, Criminal Law, Section 2266 at 490. Thus, a complaint not sworn to before any official or person in authority is insufficient to constitute a basis for a valid conviction. *Nichols v. State,* 171 Tex.Crim. 42, 344 S.W.2d 694 (1961) (citing *Purcell v. State,* 317 S.W.2d 208 (Tex.Cr.App.1958)); *see also Eldridge v. State,* 572 S.W.2d 716, 717, n. 1 (Tex.Cr.App.1978); *Wheeler v. State,* 172 Tex.Crim. 21, 353 S.W.2d 463 (1961); *Morey v. State,* 744 S.W.2d 668 (Tex.App.1988, no pet.). Even where the jurat on the complaint reflects that it was sworn to before a named person but does

---

3. We are aware of the decisions in *Blankenship v. State,* 764 S.W.2d 22, 23 (Tex.App.1989), reversed 785 S.W.2d 158 (Tex.Cr.App.1990), *Pringle v. State,* 732 S.W.2d 363, 368 (Tex.App.1989), and *Taylor v. State,* 637 S.W.2d 929, 932 (Tex.Cr.App.1982), all citing *Lewis.* The court of appeals in *Blankenship* noted *Lewis* in finding a variance between the allegations of the indictment naming the complainant and the proof offered. In reversing, the court of criminal appeals found no variance. *Pringle* involved a driving while intoxicated prosecution. The court cited *Lewis* but noted the information alleged a complainant. *Taylor* cited *Lewis* in holding that an aggravated robbery indictment must allege a complaining witness. We do not find that these cases call for a different result in the instant point of error.

4. *See* Tex.Code Cr.P.Ann. arts. 15.04 (1977) and 21.20 (1989) defining "complaint" and "information" respectively.

not show the authority of such person to act, the complaint is void. *Johnson v. State,* 154 Tex.Crim. 257, 226 S.W.2d 644 (1950); *Smola v. State,* 736 S.W.2d 265, 266 (Tex.App.1987, no pet.). The complaint is also void when the jurat contains no signature but only shows the office such as "County Attorney of Jones County, Texas." *Carter v. State,* 398 S.W.2d 290 (Tex. Cr.App.1966). When a jurat showed that the complaint had been sworn to before "Lavern I. McCann, Hockley County, Texas," the complaint was insufficient to support the information. *Carpenter,* 218 S.W.2d at 208–09. In the early case of *Neiman v. State,* 29 Tex.App. 360, 16 S.W. 253 (1891), the complaint was sworn to before "Wm. Greer J.P." It was held that the letters "J.P." could not be inferred to mean Justice of the Peace and an official who had the authority to administer the oath.

■ When a jurat on a complaint shows that the oath was administered to the affiant by a party designated as county attorney but who in reality is an assistant county attorney, the complaint is void. *Thomas v. State,* 169 Tex.Crim. 369, 334 S.W.2d 291, 292 (1960); *see also Aleman v. State,* 162 Tex.Crim. 265, 284 S.W.2d 719 (1956); *Stalcup v. State,* 99 Tex.Crim. 415, 269 S.W. 1044, 1045 (1925). When the assistant or deputy is authorized by law to administer the oath himself, he may not administer it in the name of his principal and may not certify that the principal administered the oath by and through him as an assistant. *Goodman v. State,* 85 Tex.Crim. 279, 212 S.W. 171 (1919).

■ In the instant case, the jurat on the complaint reflects that John A. Costello has authority to administer the oath as "Attorney For The State, Hays County, Texas." "Attorney for the State" is a generic term frequently used in legal pleadings and writings to refer to the attorney representing the State in both civil and criminal matters, be he or she the Attorney General, District or County Attorney, State's Prosecuting Attorney (Before the Court of Criminal Appeals), City Attorney, Special Counsel, Special Prosecutor, or others.

The State calls our attention to Article V, Section 12(b) of the Texas Constitution which provides in part:

> An indictment is a written instrument presented to a court by an *attorney for the State* charging a person with the commission of an offense. The practice and procedures, relating to the use of indictments and informations, including their contents, amendment, sufficiency and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Tex. Const.Ann. art. V, § 12(b) (Supp.1991) (emphasis supplied); *see also* Tex.Code Cr. P.Ann. art. 22.02 (1989) (where the term is also used). We have not found in our research, however, where the term "attorney for the state" has been defined for the purposes of the constitution or the statute, nor have we found any authority for an "attorney for the state" to administer oaths generally or for a particular purpose.

Similar phrases are found elsewhere in our statutes.

> 'The attorney representing the State' means the Attorney General, district attorney, criminal district attorney, or county attorney. The attorney representing the State, is entitled to go before the grand jury and inform them of offenses liable to indictment at any time except when they are discussing the propriety of finding an indictment or voting on the same.

Tex.Code Cr.P.Ann. art. 20.03 (1977) (attorney representing State entitled to appear). It appears that the above definition is limited to chapter 20 of the Code of Criminal Procedure. *Cf.* Tex.Code Cr.P.Ann. arts. 20.04–.05 (1977). The term "attorney representing the State" is again defined in article 59.01 of the Code of Criminal Procedure as meaning "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held under this chapter." Tex.Code Cr.P.Ann. art. 59.01 (Supp.1991) (involving forfeiture of contraband); *see also* Tex.Code Cr.P.Ann. art. 1.13 (1977). Our research has failed to reveal where the "attorney representing

the state," as such, has been given the authority to administer oaths.

The term "prosecuting attorney" is also found in our statutes. "In this subchapter 'prosecuting attorney' means a county attorney, district attorney, or criminal district attorney." Tex.Gov't Code Ann. § 41.101 (1988); "A prosecuting attorney may employ the assistant prosecuting attorneys ... that in his judgment are required for the proper and efficient administration of the office." Tex.Gov't Code Ann. § 41.102 (1988); and:

(a) An assistant prosecuting attorney must be licensed to practice law in this state and shall take the constitutional oath of office.

(b) An assistant prosecuting attorney may perform all duties imposed by law on the prosecuting attorney.

Tex.Gov't Code Ann. § 41.103(a), (b) (1988).

Nothing in the above provisions of the Government Code expressly authorizes the "prosecuting attorney" as such to administer oaths. The same is true as to the State's Prosecuting Attorney. *See* Tex. Gov't Code Ann. §§ 42.001 *et seq.* (1988).

We now turn to the statutory provisions pertaining to the office of the criminal district attorney of Hays County.

(b) The criminal district attorney shall attend each term and session of the district courts in Hays County and each term and session of the inferior courts of the county held for the transaction of criminal business *and shall exclusively represent the state in all criminal matters pending before those courts.*[5]

(c) The criminal district attorney shall perform the other duties that are conferred by law on county and district attorneys in the various counties and districts.

Tex.Gov't Code Ann. § 44.205(b), (c) (1988) (emphasis supplied).

With this background, can it be said that the instant jurat on the complaint suffi-

ciently reflects the authority or official character of the person before whom the complaint was sworn to and subscribed? Certainly "John A. Costello, Hays County, Texas" would not be sufficient. *Carpenter*, 218 S.W.2d at 208–09. Does the insertion of the phrase "Attorney For the State" call for a different result? We conclude that it does not. There is no constitutional or statutory office under that particular title. The phrase is a canopy covering a number of officers or persons, some with statewide jurisdiction, but none with authority to administer oaths generally. When used alone, it does not even distinguish between criminal district attorneys, district attorneys, county attorneys or their assistants, all of whose authority to administer oaths or take a complaint or affidavit is limited to the particular authority conferred by statute.

When the phrase is used in connection with "Hays County, Texas," it might well be argued that it refers individually to the criminal district attorney of that county because there is no county attorney. *See* Tex.Gov't Code Ann. § 44.205 (1988). However, any city attorney in Hays County prosecuting criminal cases in municipal court could properly use the generic term. The same is true of the attorney general or his assistants appearing before a grand jury empanelled in Hays County.

The instant information was also presented by "John A. Costello, Attorney For The State, Hays County, Texas." The State asks us not to ignore that the body of the information contains the phrase "I, John A. Costello, Assistant Criminal District Attorney of Hays County, Texas." Apparently, the State's position is that any defect in the jurat on the complaint can be clarified or corrected by reference to the information. Inference from the jurat itself is not favored. *See Neiman*, 16 S.W. at 253. The State does not brief the proposition nor attempt to distinguish the legion of cases holding that an information must be based on a complaint which is regular and valid

---

**5.** The office of county attorney of Hays County has been abolished. *See* Revisor's Note (6) to · Tex.Gov't Code Ann. § 44.205 at 692 (1988).

on its own face. If it can be argued that the criminal district attorney of Hays County is in fact "Attorney For The State, Hays County, Texas," the State does not explain how a jurat on a complaint is valid where it reflects the oath was administered to the affiant by a party designated as "Attorney For The State, Hays County, Texas" when in reality he is an assistant criminal district attorney. *See Thomas,* 334 S.W.2d at 291–292; *Goodman,* 212 S.W. at 171.

In judging the sufficiency of the charging instruments challenged by a motion to quash, the court only examines the accusatory pleadings. *Barnhart v. State,* 648 S.W.2d 696, 698 (Tex.Cr.App.1983); *Hutto v. State,* 775 S.W.2d 407, 409 (Tex.App. 1989, no pet.). Evidentiary hearings on pre-trial contentions or motions are discretionary, not mandatory. *Reed v. State,* 762 S.W.2d 640, 645 (Tex.App.1980, pet. ref'd).

We conclude that the trial court did not abuse its discretion in granting appellee's motion to quash the information because the jurat on the complaint upon which the information was based failed to properly reflect the authority or official character of the person before whom the complaint was sworn to and subscribed. The State's third point of error is overruled.

■ In the fourth point of error, the State argues that the "dismissal of the case is the improper remedy when a motion to quash is granted." The State also complains of the trial court's action in dismissing the cause "with prejudice." The trial court granted the motion to quash the information, and, in the same order, dismissed the information "with prejudice." A subsequent and separate order dismissed the case "with prejudice" because the motion to quash had been granted.

The granting of a motion to quash or of a motion to set aside an indictment or information [6] "are synonymous in their common

meaning: 'To vacate, to annul, to make void.' Garner, A Dictionary of Model Legal Usage (1987) 497 and 498." *State v. Eaves,* 800 S.W.2d 220, 221, n. 5 (Tex.Cr. App.1990); *see also State v. Moreno,* 807 S.W.2d 327, 329 n. 2 (Tex.Cr.App.1991). Thus, a trial court's order quashing an indictment or information in essence terminates the proceedings. *See Moreno,* 807 S.W.2d at 333.

> If the motion to set aside or the exception to an indictment or information is sustained, the defendant in a misdemeanor case shall be discharged, but may be again prosecuted within the time allowed by law.

Tex.Code Cr.P.Ann. art. 28.04 (1989).

Article 44.01(a)(1) authorizes the State to appeal a court order which "dismisses"[7] an indictment, information or complaint. Tex. Code Cr.P.Ann. art. 44.01(a)(1) (Supp.1991). There may now be little difference between an order granting a motion to quash and a dismissal order with regard to the State's right to appeal. Labels are immaterial. The effect of the trial court's action controls. *See Moreno,* 807 S.W.2d at 333, n. 7.

Normally, the trial court cannot dismiss an indictment or information except upon the motion of the prosecution. *See* Tex. Code Cr.P.Ann. art. 32.02 (1989); *Flores v. State,* 487 S.W.2d 122 (Tex.Cr.App.1972); *State v. Gray,* 801 S.W.2d 10, 11–12 (Tex. App.1990 no pet.); *State v. Chandler,* 767 S.W.2d 211, 212 (Tex.App.1989, no pet.). Article 32.02 does not diminish a trial court's authority, however, to dismiss or set aside a charging instrument upon a meritorious motion by the defendant. *See State v. Fox,* 772 S.W.2d 455, 459 (Tex.App. 1989, no pet.) (Burgess, J. concurring); *Chandler,* 767 S.W.2d at 212 n. 5 (indicating a dismissal was proper upon a finding of a defective indictment or information). *See also* Tex.Code Cr.P.Ann. arts. 27.02, 28.01(9), 32.01 (1989).[8]

---

**6.** *See* Tex.Code Cr.P.Ann. art. 27.03 (1989).

**7.** "Dismiss" means "to send away; to discharge—to dismiss an action or suit is to send it out of court without further consideration or hearing," and "Dismissal" means "an order or judgment finally disposing of an action, suit or motion etc. by sending it out of court though

without a trial of issues involved. Such may be voluntary or involuntary. Black's Law Dictionary, at 469 (6th ed. 1990).

**8.** The State seems concerned that somehow the order or orders of dismissal foreclosed its right to amend the complaint and information. The State suggests that appellee's motion to quash

In the instant case, the trial court properly granted the motion to quash the information on the basis of a defective jurat on the complaint. Such action annulled and vacated the information which invested the court with jurisdiction. *See* Tex. Const. Ann. art. V, § 12(b) (Supp.1991). Dismissal is synonymous with the trial court's action. *See* n. 7. The use of the word "dismissed" is acceptable and does not constitute the utilization of an improper remedy. The difficulty lies with the use of the phrase "with prejudice" in the order. A trial court may not go beyond an order dismissing or quashing a criminal charging instrument and instruct the prosecutor not to further proceed with future charges arising from the same offense. *State ex rel Holmes v. Denson*, 671 S.W.2d 896, 900 (Tex.Cr.App. 1984). The order granting the motion to quash is reformed to delete the phrase "with prejudice." The second motion to dismiss the case or cause (as opposed to the information) and the order thereon was unnecessary in light of the first order. The second order did, however, properly discharge the appellant in accordance with article 28.04. The second order is set aside, and the first order is further reformed to include the discharge provision. The State's fourth point of error is overruled.

 The State, in its first point of error, urges that the trial court erred in granting the motion to quash and dismissing the information because the record is silent as to whether substantial rights of the appellee were prejudiced. *See* Tex. Code Cr.P.Ann. arts. 21.19 and 21.23 (1990). The original order entered by the trial court reflected that the motion to quash was "heard." The burden is on the party seeking review to see that a sufficient record is presented to show error requiring reversal. *See* Tex.R.App.P.Ann. 50(d) (Pamph.1991). In the instant case the burden was the State's, not that of the appel-

lee. If there was a statement of facts, it is not in the record. *See* Tex.R.App.P.Ann. 53(a) (Pamph.1991). Generally, it is presumed on appeal that all rulings of the trial court are correct, *Hardin v. State*, 471 S.W.2d 60, 63 (Tex.Cr.App.1971), and any omission in the record supports the trial court's judgment or order. *Haynes v. McIntosh*, 776 S.W.2d 784, 785–86 (Tex. App.1989, writ denied).

The State has not briefed the point of error as to the particular defect in the jurat on the complaint. *See* Tex.R.App.P.Ann. 74(f) (Pamph.1991). Further, the State generally relies upon *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986) and its progeny. Those cases deal with situations where the motion to quash has been overruled (not granted) where the case has been tried, and on appeal the defendant contends that the trial court erred in overruling the motion to quash, prejudicing the defendant's substantial rights. In the instant case the State improperly seeks to cast the burden upon the appellee not only to produce the record, but to show harm and injury as if the trial court had overruled rather than granted the motion to quash the information. The first point of error is overruled.

The second order dismissing the cause is reversed and set aside. The first order quashing the information on the basis of a defective jurat to the complaint, as reformed, is affirmed. The State is free, if it desires, to file a new complaint and information "within the time allowed by law." *See* Tex.Code Cr.P.Ann. art. 28.04 (1989).

---

should have been considered as an exception to the form and substance of an information, and that when it was sustained, the State should have had the right to amend the information if permitted by article 28.10. *See* Tex.Code Cr.P.Ann. arts. 28.09 and 28.10 (1989). The contention appears to be raised for the first time on appeal, and is not

properly briefed. *See* Tex.R.App.P.Ann. 74(f) (Pamph.1991). The State does assert that the trial court did not give it the opportunity to amend. Assertions in briefs not supported by the record cannot be considered. *See Beck v. State*, 573 S.W.2d 786, 788 (Tex.Cr.App.1978); *Herrin v. State*, 525 S.W.2d 27, 29 (Tex.Cr.App.1975).