IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-415-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





MICHAEL S. FASS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY 



NO. 35,388, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The State appeals from an order of the county court at law dismissing this cause. 
Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1993). The underlying offense is
driving while intoxicated. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993).

 The alleged offense was committed on January 21, 1990. The State's initial
prosecution of appellee was begun in April 1990, when an information was filed in Hays County
cause number 32,349. Appellee's motion to quash the information was granted and, on September
19, 1990, the cause was ordered dismissed with prejudice. The State gave notice of appeal and
the cause was docketed in this Court as our number 3-90-259-CR. On December 19, 1990, this
Court dismissed the appeal for want of prosecution. (1)

 The present information was filed on October 16, 1991. The order granting
appellee's motion to dismiss the new information states:


 Inasmuch as this case is based upon the same arrest and charges the same
conduct as that in Hays County Cause No. 32349 filed in the County Court at Law,
which case was dismissed by Hays County Court at Law No. 1, said dismissal was
appealed by the State, and said appeal was dismissed by the Third Court of
Appeals for want of prosecution on 19 December 1990, this Court declines to
exercise further jurisdiction over the subject matter and person of the Defendant,
and this case is hereby dismissed.



The State contends that this order is erroneous because the county court at law was not authorized
to dismiss cause number 32,349 with prejudice (point of error three) and the State was therefore
entitled to refile the case within the applicable period of limitations (point of error two). 

 A trial court may, on the motion of the defendant, set aside, quash, or dismiss an
indictment or information for a defect of form or substance. (2) State v. Pierce, 816 S.W.2d 824,
830-31 (Tex. App.--Austin 1991, no pet.). A trial court may not, however, dismiss a charging
instrument with prejudice, that is, with an instruction to the prosecutor not to proceed with future
charges arising from the same offense. State ex rel Holmes v. Denson, 671 S.W.2d 896, 900
(Tex. Crim. App. 1984); Pierce, 816 S.W.2d at 831. When a motion to quash or set aside the
charging instrument is sustained, the State may initiate new proceedings against the defendant
within the time allowed by law. Tex. Code Crim. Proc. Ann. arts. 28.04, 28.05 (West 1989). 
The order dismissing cause number 32,349 was void to the extent that it sought to prohibit the
State from filing a new information pursuant to article 28.04. Point of error three is sustained.

 The new information was filed within the two-year limitations period applicable to
misdemeanors. Tex. Code Crim. Proc. Ann. art. 12.02 (West 1977). As we understand its
order, the county court at law dismissed the present cause because the State failed to prosecute
its appeal from the dismissal of the original cause. In the absence of specific authority, a trial
court cannot dismiss a prosecution except on the motion of the prosecuting attorney. State v.
Johnson, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991); State v. Gray, 801 S.W.2d 10 (Tex.
App.--Austin 1990, no pet.). This Court is aware of no constitutional, statutory, or common law
authority permitting the trial court to dismiss the present prosecution on appellee's motion because
of the State's failure to pursue its earlier appeal.

 If the State had not abandoned its appeal of the order dismissing the original
information, this Court would have done what it later did in Pierce, a substantially identical case: 
reformed the dismissal order to delete the phrase "with prejudice," affirmed the order as amended,
and remanded the cause for further proceedings which might include the filing of a new complaint
and information. 816 S.W.2d at 831. Appellee is in the same position he would have been in had
the State actively pursued the original appeal or, for that matter, had the State chosen not to appeal
at all. Point of error two is sustained.

 Because we sustain the State's second and third points of error, we need not address
the first. The order of the county court at law dismissing Hays County cause number 35,388 is
reversed and the cause is remanded for further proceedings.



[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: February 3, 1993

[Publish]
1. The complaint on which the original information was based had a defective jurat and the
motion to quash was properly granted on that basis. This Court has affirmed an order dismissing
an information having the identical defect. State v. Pierce, 816 S.W.2d 824 (Tex. App.--Austin
1991, no pet.). 
2. The terms "quash" and "set aside" are synonymous. State v. Eaves, 800 S.W.2d 220, 221
n. 5 (Tex. Crim. App. 1990). An order quashing or setting aside a charging instrument
effectively terminates, or dismisses, a prosecution whenever the order requires an alteration of
the charging instrument or the filing of a new charging instrument. State v. Moreno, 807 S.W.2d
327, 334 (Tex. Crim. App. 1991); Eaves, 800 S.W.2d at 224.