TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00792-CR






The State of Texas, Appellant



v.



Kathleen McCoy, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 99-024, HONORABLE JACK H. ROBISON, JUDGE PRESIDING







 The State charged appellee Kathleen McCoy with two counts of manslaughter. See
Tex. Penal Code Ann. § 19.04 (West 1994). McCoy moved to quash the State's indictment. The
district court granted the motion and dismissed the indictment. The State appeals in a single point
of error. See State v. Moreno, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991); State v. Hoffman,
999 S.W.2d 573, 574 (Tex. App.--Austin 1999, no pet.); Tex. Code Crim. Proc. Ann. art.
44.01(a)(1) (West Supp. 2000). We will affirm the trial court's order quashing the indictment.

 McCoy's motion to quash and set aside the indictment alleged thirteen different
substantive defects in the instrument, including that the indictment failed to provide her with
sufficient notice of the acts that she allegedly committed. The district court's order granting the
motion did not specify on which ground or grounds the motion was granted. In its sole point of
error, the State contends that the trial court erred by granting the motion, arguing only that the
indictment provided appellant with sufficient notice and complied with relevant portions of the
Code of Criminal Procedure. But the State did not contest the other alleged defects in the
indictment that appellee asserted in her motion to quash. (1)

 It is generally presumed on appeal that the district court's rulings are correct. See
Hardin v. State, 471 S.W.2d 60, 63 (Tex. Crim. App. 1971); State v. Pierce, 816 S.W.2d 824,
831 (Tex. App.--Austin 1991, no pet.). As noted, the State did not brief its point of error
regarding several of the grounds raised by appellee's motion. See Pierce, 816 S.W.2d at 831;
Tex. R. App. P. 38.1. On appeal, the complaining party has the burden of contesting all grounds
on which a court's judgment rests. See Cantu v. State, No. 1279-99, slip op. at 3 (Tex. Crim.
App. May 10, 2000) (dismissing as improvidently granted petition in which State contested only
one of two alternate grounds for appellate court's judgment). The point of error, as briefed, does
not attack all possible bases for the district court's order quashing the indictment. Therefore, the
State cannot overcome the presumption that the district court's ruling was correct. Because the
court's order granting the motion can be affirmed on the unchallenged grounds, we need not
address the State's sole argument. See Tex. R. App. P. 47.1.

 The State's motion to file a supplemental brief after submission on oral argument
in order to raise new issues and additional arguments is overruled without prejudice to its right
to seek re-indictment. The order granting the motion to quash and dismissing the State's
indictment is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justice Kidd and Smith

Affirmed

Filed: May 31, 2000

Do Not Publish

1. Although the State contended at oral argument that appellee had waived the remaining
grounds in the motion, neither party made such contention in its brief, and the State concedes in
a post-submission motion that McCoy did not waive any bases alleged in her motion.


c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00792-CR






The State of Texas, Appellant



v.



Kathleen McCoy, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 99-024, HONORABLE JACK H. ROBISON, JUDGE PRESIDING







 The State charged appellee Kathleen McCoy with two counts of manslaughter. See
Tex. Penal Code Ann. § 19.04 (West 1994). McCoy moved to quash the State's indictment. The
district court granted the motion and dismissed the indictment. The State appeals in a single point
of error. See State v. Moreno
, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991); State v. Hoffman,
999 S.W.2d 573, 574 (Tex. App.--Austin 1999, no pet.); Tex. Code Crim. Proc. Ann. art.
44.01(a)(1) (West Supp. 2000). We will affirm the trial court's order quashing the indictment.

 McCoy's motion to quash and set aside the indictment alleged thirteen different
substantive defects in the instrument, including that the indictment failed to provide her with
sufficient notice of the acts that she allegedly committed. The district court's order granting the
motion did not specify on which ground or grounds the motion was granted. In its sole point of
error, the State contends that the trial court erred by granting the motion, arguing only that the
indictment provided appellant with sufficient notice and complied with relevant portions of the
Code of Criminal Procedure. But the State did not contest the other alleged defects in the
indictment that appellee asserted in her motion to quash. (1)

 It is generally presumed on appeal that the district court's rulings are correct. See
Hardin v. State, 471 S.W.2d 60, 63 (Tex. Crim. App. 1971); State v. Pierce, 816 S.W.2d 824,
831 (Tex. App.--Austin 1991, no pet.). As noted, the State did not brief its point of error
regarding several of the grounds raised by appellee's motion. See Pierce, 816 S.W.2d at 831;
Tex. R. App. P. 38.1. On appeal, the complaining party has the burden of contesting all grounds
on which a court's judgment rests. See Cantu v. State, No. 1279-99, slip op. at 3 (Tex. Crim.
App. May 10, 2000) (dismissing as improvidently granted petition in which State contested only
one of two alternate grounds for appellate court's judgment). The point of error, as briefed, does
not attack all possible bases for the district court's order quashing the indictment. Therefore, the
State cannot overcome the presumption that the district court's ruling was correct. Because the
court's order granting the motion can be affirmed on the unchallenged grounds, we need not
address the State's sole argument. See Tex. R. App. P. 47.1.

 The State's motion to file a supplemental brief after submission on oral argument
in order to raise new issues and additional arguments is overruled without prejudice to its right
to seek re-indictment. The order granting the motion to quash and dismissing the State's
indictment is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justice Kidd and Smith

Affirmed

Filed: May 31, 2000

Do Not Publish

1. Although the State contended at oral argument that appellee had waived the remaining
grounds in the motion, neither