IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00013-CV

No. 10-07-00055-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

STEPHEN W. ALLEE, et al,

                                                                                    Appellees

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23242

Trial Court No. 23416

 



O R D E R



 

In the Court’s May 30, 2007 order in Cause No. 10-07-00055-CV
(Trial Court No. 23416, Donald Ray McCray v. Stephen W. Allee, et al.), the
Court instructed the Clerk of the Court to transfer the
Clerk’s Record in Cause No. 10-06-00243-CV (Trial Court No. 23242, Donald Ray
McCray v. Stephen W. Allee, et al.) to Cause No. 10-07-00055-CV.  That order
was incorrect.

It is ordered that the Clerk of this Court shall transfer the
Clerk’s Record in Cause No. 10-06-00243-CV (currently filed in Cause No. 10-07-00055-CV)
to Cause No. 10-07-00013-CV (Trial Court No.
23242).

As a result of this Order, the Clerk’s Record and the Supplemental
Clerk’s Record from Trial Court No. 23242 both will have been filed in Cause
No. 10-07-00013-CV.

 

PER CURIAM

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief Justice Gray does not join this order and
provides the following note:  I have no idea what McCray has filed in the trial
court proceeding since August 31, 2006.  Therefore I have no idea if it is
relevant to any issue which we may be asked to determine in this proceeding.  I
do not know what was filed with the trial court clerk before August 31, 2006
that was not included in the earlier filed clerk’s record that may be relevant
to the issues we are asked to determine in this proceeding.  Accordingly I
would let the parties and the clerk comply with Rule of Appellate Procedure
34.5 without interference from this court.  I have no problem moving the
existing record over from the earlier proceeding in this court.  With regard to
10-07-00055-CV, what is, however, baffling to me is why we have not already
dismissed this proceeding.  McCray states in his notice of appeal that he is
appealing a February 1, 2007 judgment.  The trial court clerk tells us there is
no February 1, 2007 trial court judgment.  On March 9, 2007 we informed McCray
that he has 21 days to file a response “identifying what order or judgment you
are appealing and showing grounds for continuing the appeal.”  On or about
April 20, 2007 it appears our clerk confirmed with the trial court clerk there
was “no final judgment at all in this case.”  Accordingly, I would dismiss the
appeal for want of jurisdiction as we did the earlier proceeding.)

Order issued and filed September
12, 2007

Do not publish






ner as the defendant. 
      On April 19, 1991, about noon, Georgia Dozier discovered that her home had been
burglarized. She called her husband, Jan, and the police to report the burglary. When Jan arrived
home he discovered that the back door was open and his house had been ransacked. Upon his
initial search of the home, he found that several items had been taken, including three handguns,
three rifles, a shotgun, some loose change and a video game control board. 
      Jan searched his yard and found boot tracks. He followed the tracks to a fence on the edge
of his property. He found the guns and a pillow case taken from his son's room lying inside the
fence line. In the pillow case he found a pair of white cotton work gloves that had black rubber
dots on the fingers. The gloves did not belong to Jan. 
      The police staked-out the area where the stolen property was discovered on the theory that the
burglar would return after dark to retrieve the property. At 8:30 p.m. a white Chrysler, driven
by Turner, stopped on the highway. The car's engine and headlights were turned off. Turner then
leaned forward towards the glove box where the trunk release was located.
      Turner got out of his car and walked to the rear and urinated. He then walked to the fence
directly toward the area where the stolen property was found. He grabbed the fence wire and
looked to his right and left. He was then arrested. He told the police that he had pulled off the
road to have a bowel movement.
      Detective Pope, the lead investigator in the case, secured Turner's car. Pope found that the
latch to the trunk had been released. After Turner consented to a search of the car, Pope found
thirty white cotton gloves in the trunk similar to those found in the pillow case.
      Plaster casts were made of the boot tracks found in the Doziers' yard. The casts were
compared to Turner's boots. Pope testified that the boots and the plaster casts showed the same
wear pattern. Although the plaster-cast impressions were somewhat smaller than the actual boot
heel, Pope attributed the discrepancy to the expansion and contraction of the soil after the heel
track was made. He also testified that, in his opinion, the tracks were made by Turner's boots.
      In his first point, Turner contends that the evidence was insufficient to show that he was the
perpetrator of the offense. The standard for reviewing sufficiency of the evidence is whether a
rational trier of fact could have found all the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979);
Geesa v. State, 820 S.W.2d 154, 157 (Tex. Crim. App. 1991). 
      Here, the combined and cumulative force of all the evidence focuses only on Turner as the
burglar. He parked his car, after dark, only yards away from where the property was found. He
apparently activated the trunk release before getting out of his car. He walked a straight line from
his car to within feet of where the property was hidden, looking to his left and right before
crossing the fence. Inside his car's trunk were thirty white cotton work gloves that matched the
gloves found inside the pillow case taken from the Dozier home. He was wearing boots whose
wear patterns matched the tracks made in the Doziers' back yard by the burglar. Also, Turner
told the officers that he stopped to go to the bathroom but never restated that desire.
       Any rational trier of fact could have found beyond a reasonable doubt that Turner entered the
Dozier home wearing a pair of white cotton gloves obtained from those located in the trunk of his
car. The jury had an opportunity to compare the gloves found in the pillow case with those found
in the trunk. A rational juror could have found that Turner carried the stolen property to the fence
line and secreted it there so that he could retrieve it after dark. Moreover, any rational juror could
have found that Turner opened his trunk in preparation for retrieving the property to reduce his
exposure time. Finally, any rational juror could have found Turner's explanation for being at the
fence untenable because at no time during the investigation did he again indicate a need to relieve
himself. Thus, a rational trier of fact could have found Turner guilty of the burglary beyond a
reasonable doubt. See Jackson, 99 S.Ct. at 2787. The evidence is sufficient to support his
conviction. We overrule the first point.
      Turner's second point is that the evidence was insufficient to prove that he attempted to steal
or did steal a "Nintendo control board" as required by the charge to the jury. The actual game
board taken from the Doziers' home was a Sega control board. However, several times during
the trial Jan referred to the control board as a "Nintendo control board." Such conflicts in
evidence will not call for a reversal of the conviction if there is enough credible testimony to
support the conviction. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
Contradictions in evidence are to be resolved by the jury and that jury may believe some of the
witnesses and not others and may believe parts of a witness' testimony and not other parts. Id. 
      There is enough credible testimony to determine that a game control board was taken from
the Dozier home. We must then ascertain whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. See Geesa, 820 S.W.2d at 157. A reasonable jury could
have concluded, beyond a reasonable doubt, that Jan was using the word "Nintendo" as a generic
term for a game control board just as a person might use "Xerox" to mean a copy or "Kleenex"
to mean a tissue. We overrule the second point.
      In his third point, Turner argues that the court erred in excusing juror Leatherwood for cause. 
Turner contends that Leatherwood was convicted of theft and successfully completed his
probationary period, and was therefore qualified to serve on the jury. A potential juror convicted
of theft is eligible for jury service if he has been released from all penalties and disabilities
associated with the conviction. Payton v. State, 572 S.W.2d 677, 679 (Tex. Crim. App. 1978). 
      In the present case, the record shows, by a preponderance of the evidence, that Leatherwood
was convicted of theft and placed on probation. See Hernandez v. State, 757 S.W.2d 744, 753
(Tex. Crim. App. 1988) (finding that the burden of the party seeking exclusion for cause of a
prospective juror is by a preponderance of the evidence). However, the record does not establish
that he successfully completed his probationary term and that his conviction was set aside and the
case dismissed. Consequently, Turner has failed to establish that Leatherwood's exclusion for
cause was improper. Point three is overruled.
      In his fourth point, Turner argues that the court erred in denying his motion to suppress the
admission of the gloves found in the trunk of his car. He asserts that his arrest was illegal, and,
therefore, the gloves found inside his car should have been inadmissible at trial as fruits of an
illegal arrest.
      Investigative stops must be justified by some specific and articulable facts, in light of a police
officer's experience and personal knowledge, taken together with rational inferences from those
facts, which would reasonably warrant intrusion upon a person's freedom. Hawkins v. State, 758
S.W.2d 255, 259 (Tex. Crim. App. 1988). Here, Turner walked a straight line from his car to
the fence where the stolen property was located. He grabbed the fence wire and stuck his head
through the wire and looked to his right and left. He was in the area after dark. Moreover, he
gave the officers consent to search his car. Officer Pope found that Turner's trunk had already
been opened, and when he searched it he found thirty gloves identical to the pair found in the
stolen pillow case. Pope also observed that Turner had on boots with heels similar to the heels
that left tracks in the Doziers' yard. After a radio check, the officers discovered that Turner had
outstanding Department of Public Safety warrants for his arrest. These facts are specific and
articulable and reasonably warranted an intrusion on Turner's freedom. Thus, the stop of Turner
was justified under the Hawkins rule. 
      A detention for investigatory purposes must be temporary and last no longer than necessary
to effect the progress of the stop. Ussery v. State, 651 S.W.2d 767, 770 (Tex. Crim. App. 1983). 
Here, Turner was detained only long enough to determine that he was wanted under outstanding
warrants and for the officers to develop probable cause that Turner committed the burglary. Thus,
the arrest was proper.
       The search of Turner's car was consensual. That a person is under arrest at the time he
consents to a search does not preclude a free and voluntary consent. Juarez v. State, 758 S.W.2d
772, 775 (Tex. Crim. App. 1988). The record does not reflect that Turner's consent was
involuntary. See Schneckloth v. Bustamonte, 412 U.S. 218, 2271, 93 S.Ct. 2041, 2048, 36
L.Ed.2d 854 (1973). Therefore, the search was proper. Because the arrest and the subsequent
search were proper, the court correctly refused to suppress the gloves found in Turner's trunk. 
We overrule the fourth point.
      Turner's fifth point of error is that the court erred in allowing Officer Pope to express an
opinion on the comparison of the boot-heel impression and Turner's boot heel. Rule 701 of the
Texas Rules of Criminal Evidence states:
If the witness is not testifying as an expert, his testimony in the form of opinions or
inferences is limited to those opinions or inferences which are (a) rationally based on the
perception of the witness and (b) helpful to a clear understanding of his testimony or the
determination of a fact in issue.

Tex. R. Crim. Evid. 701. Thus, a lay witness may give his opinion as long as it is rationally
based on his perception and is helpful to the determination of a fact in issue. Id.; Young v. State,
803 S.W.2d 335, 337 (Tex. App.—Waco 1990), rev'd on other grounds, 830 S.W.2d 122 (Tex.
Crim. App. 1992). Here, Pope's opinion was rationally based on his first-hand comparison of
Turner's boot-heel and the boot heel tracks in the Doziers' yard. Furthermore, his opinion was
helpful to the jury to determine a fact issue in the case. Thus, Pope's opinion that the boot heel
and the track matched was properly admitted. We overrule the fifth point.
      In his sixth and seventh points, Turner argues that the evidence is insufficient to sustain the
first and second enhancement paragraphs. He acknowledges that there may have been more to the
various exhibits entered on punishment, but they are absent from the record. The burden is on
the party seeking review to see that a sufficient record is presented to show error requiring
reversal. Tex. R. App. P. 50(d); State v. Pierce, 816 S.W.2d 824, 831 (Tex. App.—Austin 1991,
no writ). Because Turner is the party seeking review he had the responsibility to produce an
adequate record, including the exhibits, to demonstrate that the case requires reversal. 
Furthermore, Turner failed to support his claims with arguments, authorities, or references to the
record as required by the Rules of Appellate Procedure. See Tex. R. App. 74(f); Baucom v.
Crews, 819 S.W.2d 628, 631 (Tex. App.—Waco 1991, no writ). Generally, a presumption exists
on appeal that all rulings of the trial court are correct and any omission in the record supports the
court's judgment. Pierce, 816 S.W.2d at 831. Thus, we must presume that there is sufficient
evidence to support the enhancement paragraphs. We overrule points six and seven.
      Turner's eighth point is that the court erred in admitting State's exhibit 21 over his objection. 
As in points six and seven, because Turner did not present this court with a sufficient record, we
cannot determine whether the evidence was properly admitted. See id. Therefore, we overrule
his eighth point.
      We affirm the judgment.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 6, 1993
Do not publish