IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-07-00260-CR,
10-07-00261-CR, 10-07-00262-CR,

10-07-00263-CR, 10-07-00264-CR,
10-07-00265-CR,

10-07-00266-CR, 10-07-00267-CR,
10-07-00268-CR,

10-07-00269-CR and 10-07-00270-CR

 

Karl Keith Noland,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 05-04140-CRF-85,
05-04141-CRF-85,

05-04142-CRF-85, 05-04143-CRF-85,
05-04144-CRF-85,

05-04145-CRF-85, 05-04146-CRF-85,
05-04147-CRF-85,

05-04148-CRF-85, 05-04149-CRF-85,
and 05-04150-CRF-85

 



ABATEMENT ORDER










 

            An appellant’s brief is overdue in
these appeals.  

            We abate these appeals to the trial
court to conduct any necessary hearings within 30 days of the date of this
Order pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).

            The supplemental clerk’s and
reporter’s records required by the rule, if any, are ordered to be filed within
45 days of the date of this Order.  See id.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed July 2, 2008

Do
not publish






ave probable cause or authority to
detain him. See id.
      We must first consider whether this complaint was preserved for appellate review by a timely,
specific objection which the court ruled on adversely to Gonzales. See Tex. R. App. P. 52(a). 
At the beginning of the testimony of the State's first witness (the detaining officer) Gonzales
objected to testimony concerning statements made by him at the scene of his arrest on the ground
that the statements were the product of custodial interrogation occurring prior to the required
Miranda warnings. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966). This objection at trial (lack of Miranda warnings) does not comport with his argument
on appeal (lack of probable cause). Thus, this objection is not sufficient to preserve this point. 
See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). 
      Gonzales did not object to the first officer's testimony regarding the officer's observations and
conclusions at the scene that tended to show Gonzales' intoxication. Moreover, he did not object
to the evidence elicited from the State's second witness (the arresting officer) during the State's
direct examination. Nor did he object to a video tape of his attempts to perform a field sobriety
test at the Sheriff's Department, which was initially played for the jury during the first witness'
testimony and then replayed during the second witness' testimony. Not until the second day of
trial and the cross-examination of the State's second witness did Gonzales argue to the court that
all of the evidence should be suppressed due to the lack of probable cause to believe that he had
committed an offense. By this time, all of the evidence of Gonzales' intoxication had been placed
before the jury. The objection was too late, and the complaint is waived. See Tex. R. App. P.
52(a); Jacobs v. State, 787 S.W.2d 397, 406 (Tex. Crim. App.), cert. denied, 498 U.S. 881, 111
S.Ct. 231, 125 L.Ed.2d 731 (1990). Point one is overruled.
      In point two, Gonzales complains that the court allowed an officer to testify that he told the
officer he had drunk "two or three beers" just before driving the car. Gonzales argues that he was
"in custody" for Miranda purposes when the police officer requested his drivers license and asked
him how much he had drunk that evening. See Miranda, 384 U.S. at 436, 86 S.Ct. at 1602. 
However, Miranda warnings are not required when police question a driver who is temporarily
detained pursuant to an ordinary traffic stop. Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct.
3138, 3150, 82 L.Ed.2d 317 (1984).
      The officer asked Gonzales if he had been drinking before Gonzales was required to perform
the roadside sobriety test and before he was arrested. Thus, Gonzales was not "in custody" for
Miranda warning purposes, and the court did not err in denying his request to suppress the
incriminating statement. See id. Point two is overruled.
      In point three, Gonzales complains that the police failed to offer him the opportunity to
provide a blood sample for testing of his blood-alcohol content. This complaint derives from the
fact that Gonzales either could not or would not provide a sufficient breath sample for the police
to test his blood-alcohol level with the intoxilizer breath analyzer. However, Gonzales does not
indicate, nor can we locate, where he brought this compliant to the attention of the court. Because
he raises this argument for the first time on appeal, the complaint is waived. See Tex. R. App.
P. 52(a); Janecka v. State, 823 S.W.2d 232, 243-44 (Tex. Crim. App. 1992) (on rehearing). 
Point three is overruled.
      In point four, Gonzales challenges the sufficiency of the evidence to support his conviction. 
To obtain a conviction for D.W.I., the state must show that a defendant drove a motor vehicle
while intoxicated on a public road. Ford v. State, 571 S.W.2d 924, 925 (Tex. Crim. App. [Panel
Op.] 1978). In resolving the sufficiency-of-the-evidence issue, we view all the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Human v. State, 749
S.W.2d 832, 834 (Tex. Crim. App. 1988). The jury is the exclusive judge of the credibility of
the witnesses and is free to accept or reject any part of a witness' testimony. Lackey v. State, 819
S.W.2d 111, 116 (Tex. Crim. App. 1989).
      The State presented the testimony of two police officers who expressed opinions that Gonzales
was intoxicated when he drove his car on a public street. They testified that Gonzales smelled of
alcohol, that he swayed and stumbled when he walked, that he leaned on his car for support, and
that his words were slurred. The State played a videotape for the jury of Gonzales performing
sobriety tests at the Brazos County Sheriff's Office. This tape is not included in the record, so we
must presume that it also supports the jury's verdict. See State v. Pierce, 816 S.W.2d 824, 831
(Tex. App.—Austin 1991, no pet.).
      Gonzales argues that the evidence is not sufficient because there was no analysis of his blood-alcohol content. As indicted, the State was not required to prove that he had an illegal alcohol
content in his blood. Rather, it was required to demonstrate that he had lost the normal use of his
mental and physical faculties due to the introduction of alcohol into his body. See Tex. Rev. Civ.
Stat. Ann. art. 6701l-1(a)(2)(A). The officers testified to this fact, and the jury viewed a
videotape which also presumably supported their verdict. The evidence is sufficient. Point four
is overruled.
      The judgment is affirmed.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 13, 1994
Do not publish