Jesse FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 54916.*

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 18, 1978.

* This appeal was originally docketed as No. 51,-989. It was dismissed for lack of timely sentence and inadvertently given No. 54,916 on resubmission. Therefore, Nos. 51,989 and 54,-916 are the same case.

Ronald Ned Dennis, Marshall, for appellant.

Sam F. Baxter, Dist. Atty., Marshall, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

A jury convicted the appellant of the misdemeanor offense of driving while intoxicated, and assessed punishment at fifteen days' confinement in the county jail and a $500 fine. The appellant raises eighteen grounds of error, including a challenge of the sufficiency of the evidence. We reverse and order a judgment of acquittal be entered in this cause.

To sustain a conviction for driving a motor vehicle while intoxicated, the evidence must show that the appellant drove the vehicle while intoxicated on a public road, highway, street, or alley. *Johnson v. State,* 517 S.W.2d 536 (Tex.Cr.App.1975).

In response to an accident report at approximately 10:20 P.M., on March 15, 1975, a rainy night, Department of Public Safety troopers McVain and White arrived at approximately 10:40 P.M. at the intersection of an apparent private road leading to the Tomlin-Webber Lumber Company and State Highway 43, northeast of Marshall, Texas. They found the appellant's truck some 15 to 20 feet "completely off the roadway," resting partly in a creek and against a fence, parallel to the highway, but in the quadrant between the highway and the private road. Another car and three occupants were at the scene as the troopers drove up but left upon Officer McVain inquiring as to who was the driver of the pickup truck. The appellant, standing outside his truck, stated that "I was the driver", and that the accident occurred at approximately 10:15 P.M. The truck's front and side were damaged and the damage "seemed" to have been sustained in running over a stop sign at the intersection of the private road and the state highway. Both White and McVain stated that the appellant, who registered a .17 on the breathalyzer at approximately 11:20 P.M., was intoxicated.

Initially, we reject the State's construction[1] of the term "highway" as defined in V.A.C.S., 6701d, Sec. 13(a):

"The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

As we stated in *Harris v. State,* 499 S.W.2d 9 (Tex.Cr.App.1973), citing *Capps v. State,* 171 Tex.Cr.R. 579, 352 S.W.2d 833 (1962), the pertinent language of Art. 802, Vernon's Ann.Penal Code, now 6701*l*–1, should be viewed in its ordinary sense, and we quoted Black's Law Dictionary definition of the term "road":

"A highway; an open way for public passage; a line of travel or communication extending from one town or place to another; . . ."

Clearly, the facts in the instant case do not fall within the definition. Regardless, the proof fails as there is no evidence that the appellant *drove* the vehicle on a public road or a highway. There is no evidence of tracks leading from the highway, skid marks from the highway, a trail

---

1. ". . . that the highway includes all the area between the two fences, specifically the area between the paved portion of the road and the fence next to which the pickup truck had come to rest. Thus, as far as the highway laws of this state are concerned, the appellant's truck was resting on the highway itself."

of water leaking from the radiator leading back to the highway, nor any indication of which way the stop sign was run over. The diagram included in the record provides no assistance. See, generally, *Johnson, supra.* Additionally, there is no evidence that he had driven the vehicle while intoxicated.

The State argues that, "In this case, the defendant's rights were protected even greater by the granting of the circumstantial evidence charge. The jury, after hearing the evidence and receiving and reading the charge, found beyond a reasonable doubt that the defendant had operated a motor vehicle on a public road while intoxicated."

 While it is true that when the sufficiency of the evidence is challenged we are required to view the evidence in a light most favorable to the verdict, *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977), the rule has long been that a conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or mere probability is insufficient. *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977). In *Young v. State,* 544 S.W.2d 421 (Tex.Cr. App.1976), we said:

> "'In ascertaining whether the guilt of the accused has been established to a moral certainty, the appellate court will review the evidence in light of the presumption that the accused is innocent. The court will not presume any acts against the accused that are not shown to have been committed by him. *Furthermore, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged.'"* (Emphasis added)

The State proved that the appellant was intoxicated in Harrison County, Texas, on March 15, 1975; nothing else. The evidence is insufficient to sustain the conviction for driving while intoxicated.

In *Burks v. United States,* —— U.S. ——, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1, the United States Supreme Court by opinion of June 14, 1978, held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ." In *Greene v. Massey,* —— U.S. ——, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15, handed down the same day as the *Burks* decision, the Supreme Court held, "Since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland* [395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)], we are bound to apply the standard announced in *Burks* to the case now under review."

Having found that reversal must result in the instant case since we concluded that the evidence is insufficient to support the conviction, the Supreme Court's decision in *Burks v. United States, supra,* and *Greene v. Massey, supra,* dictate that no further prosecution be had in this cause.

The judgment is reversed and the prosecution is ordered dismissed.