9,604-03

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

AT AUSTIN

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

EX PARTE: FREDERICK GLENN WILBERT     §

              PETITIONER

VS.                              §

THE STATE OF TEXAS AT MARSHALL

             RESPONDENT           §

CAUSE NO. _____

MOTION DENIED

DATE: 3-2015

BY: PC

MOTION TO PETITION THE COURT FOR AUTHORIZATION

TO FILE A SECOND/SUBSEQUENT ARTICLE 11.07 HABEAS ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FREDERICK GLENN WILBERT, inmate, indigent, and Pro Se, who files and submits, in bona fide, this his motion to petition the court for authorization to file a second/subsequent article 11.07 habeas action, and for good cause in support, would respectfully show this honorable court the following few facts of constitutional significance, to wit:

I.

On 2/27/1999, Petitioner was convicted of the offense of Capital Murder, by jury of the 71st Judicial Distric Court of Harrison County, Marshall, Texas. Punishment was assessed at capital life in the Texas Dept. of Criminal Justice Correction Institution Division, McConnell Prison Unit at Beeville,Texas in Bee County.

II.

Petitioner must, by law, seek authorization from the courts before filing a second/subsequent/successive article 11.07 habeas action; therefore, respect fully submitted, in good faith, petitioner invoke the powers of the courts, asking thus to please allow him to continue the struggle and the need to prove, to show actual innoncence, by granting, and not denying him full authorization to proceed, in good faith, with the filing of a second/subsequent habeas action!

In order to obtain an authorization order, a petitioner must make a prima facia showing of at least several requirements contained in media res of and in pursuant to article 11:07 and contained in 28 USC § 2244(b). The claims, per se, were not presented in a previous habeas petition, but if so, were not ruled upon with prejudice; were not developed, and petitioner need make a prima facia show-

1

ing that:

1. The newly discovered or newly presented evidence or claims for the second time around had better be convincing and in good faith, and rest and rely on new rules of constitutional law...that was previously unavailable, or;

2. The factual basis for the new claims could not have been discovered previously through the exercise of due diligence with, for example, perhaps in that a petitioner suffering from an understanding and knowledge of law who has an I.Q. level of less than sixty-eight (68), uneducated, unskilled or talented, and a lay-person of the reality of law in the drafting and preparations of writs, pleadings, arguments to show example of case law; Harris vs. Pulley, 885 F. 2d 1354, 1370-1371 (9th Cir. 1989) see, also 28 USC §2244(b)(2)(B)-- the facts underlying the claims! Thus petitioner herein rates an exceptionally low I.Q. of sixty-eight (68), well below the national average for moderate I.Q.'s!

Petitioner submits, not necessarily, new and different constitutional claims save one, "a denial of competency hearing", but that exists and is being presented only because in petitioner's previous article 11:07 he was mistaken thus thinking the violation was "a denial of evidentiary hearing", but in fact was and is a constitutional violation of "a denial of competency hearing". Petitioner submits most respectfully and quite humbly that his previously submitted article 11:07 was in fact dismissed without a written order and was not renewed or decided or ruled upon, and his previous 28 U.S.C. § 2254 habeas petition was ruled on but was dismissed without prejudice, he is entitiled to constitutional relief!

Petitioner avers herein that the State of Texas at Marshall, purposely prevented the discovery of the vitally important and necessary facts needed to prove actual innocence: Favorable evidence and mitigating circumstances requisite to raise and well establish and convincingly show actual innocence, the significant constitutional issues. Thompson vs. White, 680 F. 2d 1173, on remand from 102 S.Ct. 2003.

The State of law, as made manifest, was so under -developed that counsel for the defense did not have the significant tools of the trade of his profession to fully develop the argument thus giving rise to actual innocence, prosecutorial misconduct/denial of due process and equal protection under the law, ineffective assistance of counsel of a single issue of a due process violation

[said court appointed counsel, Kevin McCarter, purposely withheld evidence from the jurors and the court that was in petitioner's favor;evidence that could have, and should have very easily cleared and demonstrated actual innocence]. The procedural forefeiture, if argued, resulted from the complete ineffectiveness of counsel Kevin McCarter's inability and lack of experience, professionalism to take command of the situation or of his neglect and failure to challenge the State's theory or otherwise pursue the legitimate ends of justice. Bolius vs. Wainwright, 597 F.2d. 986, on holding hearings only if there exists to be disputed questions of facts and law, and petitioner was not afforded a competency hearing in State Court or an evidentiary hearing...Ford vs. Wainwright 106 S.Ct. 2595, 26-02-03.

Due process wholly forbids state courts from convicting a person of a crime without proving first and foremost the facts that he is guilty of the elements of that crime beyond a reasonable doubt, unequivocally, U.S.C. Const. Amendment at 5 Bonkley vs. Florida, 123 S.Ct. 2020—proof or evidence, however, circumstantial, which amounts only to a strong suspicion or simply a mere probability exists, hypothetically and theoretically, to be, nonetheless, the absolute of no convincing proof or evidence at all and is therefore most factually and is tntamount to nothing, not proof enough. Ford vs. State, 571 S.W. 2d 924.

Petitioner highlights in red the fact that he exists true to be and was then, a non-professional, not an attorney or paralegalist at law or practice; He is unskilled and inexperienced in the construction and/or drafting of motions, Article 11:07 of 28 U.S.C. §2254 habeas petitions, formal pleadings of error and/or exact applications of law in general, and is therefore a layman at law, but is entitled to a less stringent standard than professionals or such drafting filed by a law student.

Petitioner is therefore, by law, entitled to relief. Haines vs. Kerner, 92 S.Ct. 594; Husley vs. Owens, 63 F3d 3541.

Petitioner has asserted his innocence from the very beginning of troubles, from the initial arrest, pre-trial proceedings, trial, conviction and sentencing and imprisonment, and he filed a notice of actual innocence thus asserting his testimony, factually, honestly and truthfully, that he did not and would not have kidnapped and murdured victim, Dorothy Rae Mitchell, that on 2-26-1999 at approximately 6:30 p.m. until 2-27-1999 at 1:59 p.m., he was lawfully detained by police and detectives and was therefore incarcerated at length in the Harrison County Jail on the exact day and hours of the murder [see pathologist reports],

that prior to his arrest for assault on Michael Poochie smith on 2-26-1999, 6:10 p.m., he was called to the scene and was merely attempting at best to help and assist Dorothy Rae Mitchell in defense of her struggle [combative] against the Michael Poochie Smith, to rescue her from what logically appeared to be a life threatening situation, and not to kidnap her at gun point and murder Mitchell as alleged by the prosecution!

Petitioner maintains this much to be factual and true, even at sentencing and his unlawful imprisonment, that he is now, was then, and will be completely innocent of the crime of capital murder, that he did not shoot or otherwise hurt or cause Mitchell any pain, tears or doubt. "Worse is it to convict and sentence to prison an innocent man than set free a guilty person!"

Since his sentencing, petitioner has timely pursued his actual innocence claims--pursued objectively his appeal and collateral attacks in both state and federal courts, arguing inter alia, that the jury verdict of guilty was grossly unjust and against the weight of evidence, and that the prosecution knowingly and purposely withheld--and his state appointed counsel of record Kevin McCarter, wholly neglected, refused, and failed to openly pursue exculpatory evidence and materials...exculpatory evidence not being presented to neither court nor jurors for review, evaluation, consideration, or final decesion, noting this that every trial results in a verdict, but not every verdict results in the truth and the living truth did not surface or otherwise prevail in media res of said trial of Petitioner! the court, therefore, cannot possibly expect petitioner to give up and quit, give out or otherwise give in, unless he is guilty and was merely wasting the court's valuable time!

Court appointed counsel made a motion for pretrial discovery [the court signed and made it an order yet the prosecution flat out refused and therefore failed to produce] and a request for a related documents collected in the prosecution's theory and case [original investigation] yielded absolutely not one document!?

Petitioner makes full and complete, a credible claim of actual innocence, and he presents herein, for want of authorization to file a second/subsequent article 11:07 habeas corpus, " to wit: material, factual evidence, new reliable evidence that was NOT PRESENTED at trial to neither court nor jurors due largely to a Brady-Banks violation of disclosure of exculpatory materials- and further shows that it is more likely than not. No reasonable trier of facts would have or could have or should have found petitioner guilty beyond a reasonable doubt,

4

namely, due to the fact that petitioner is innocent and not guilty of the underlying offense! See Lucidore, 209 F.3d at 114 (quoting Schlup, 513 U.S. at 327-28, 115 S.Ct. 851). It is so much the better to risk saving a guilty man than to continue to condemn and innocent one... It is so much the better that ten guilty escape justice than one innocent suffers injustice! Legal justice exists so to be but the act of the good and fair side of our United States Constitution.

As the U.S. Supreme Court has stressed, "actual/factual innocence means just that and nothing less, not mere legal insufficiency." Bousley vs. U.S. 523 U.S. 614, 623; 118 S.Ct. 1604; Garcia vs. Portuodo, 334 F. Supp. 2d 446 and 28 USC § 2244(b) – request authorization to file a second/subsequent habeas petition [art. 11:07 habeas corpus] exclusively, of course, in the sole interest of justice, pursuant bona fide claims of:

1. Actual innocence
2. Denial of Due Process and equal protection under the law
3. Denial of competency hearing, and;
4. Ineffective assistance of State appointed counsel

Failure or refusal of this Honorable Court to not consider such claims, submitted in good faith, would only result in a fundamental miscarriage of justice and a due process and equal protection of the law, and, principally such a lack of consideration and review would unnecessarily cause petitioner to be unlawfully detained/constrained in prison only longer than need be the reason or reason be the need to demonstrate and prove his innocence. See Dretke vs. Haley, 124 S.Ct 1847 and Banks vs. Dretke, 124 S.Ct. 1255 – actual innocence claim wherein only newly discovered evidence, which would have been admissible at trial, can or could be considered byvirtue of a habeas corpus on actual innocence- the question in the post-Schlup era highly suggest that the Supreme Court said (implied) that new evidence, newly presented for the purpose of actual innocence, is not restricted, per se, to admissible evidence discovered after the trial pursuant a Brady-Banks violation of disclosure of exculpatory evidence that was either excluded purposely or was unavailable at trial, Schulup supra, evidence tha the original fact finders did not have ample opportunity to hear and visually see or liberty enough to know about, review, consider, evaluate and decide upon. Gomez vs. Jaimet, 350 F.3d 673, therefore, such evidence need not necessarily be newly discovered, just newly presented. Grillen vs. Johnson, 350 F. 3d 956, 963; Alexander, 991 F. Supp. at 339-40. See also Amrine vs. Bowerson, 238 F. 3d 1023, 1029- not limited to but must be inclusive of evidence not suspected or known or was circumspect at time of trial...Coleman vs. Miller,

no. CV-99-3981 (RR). 2000 WL 1843288 at 7 (E.D. N.Y. oct. 16, 2000). The newly presented evidence of ranking importance was not openly presented at trial to neither judge or jury would manifest itself to show, unequivocally, that petitioner was locked-up and constrained in the Harrison County Jail, see exhibit _B_ , at the exact date and time of the murder in question; and that the autopsy reports clearly shows undeniably, that petitioner not once shot or injured Mitchell with his shotgun (only thought and believed he did for counsel argued that petitioner shot Mitchell), that both state-appointed counsel and the prosecution, acting in concert, conspired to deny and further deprive not only petitioner but the courts and jurors of exculpatory materials- evidence that if presented, would have easily cleared petitioner of all charges and proved , at last, his innocence! How sad! See Exhibit _C_ .

In Grillin vs. Johnson, supra, the petitioner was not arbitrarily required to present newly discovered evidence only newly presented evidence of actual innocence in order to radically overcome the obstacle and presentation of not being able to present newly discovered evidence. Exhibit A and Exhibit B paints a picture of honesty and truth in that such clearly displays the fact that a man cannot possibly be in two different locales simultaneously and at the exact same time: in custody of the Harrison county Sheriff's Dept. on charges of assault on one Michael Poochie Smith, and at the exact same time, out and about the town of Marshall murdering Mitchell and eluding police and road blocks? And Exhibit B unequivocally manifests a truth showing thus there exists to be and is absolutely no way on Yahweh's green earth petitioner could have remotely shot, injured, or otherwise caused doubt in Mitchell when petitioner's shotgun discharged immediately upon striking quite forcefully upside Smith's head using the butt end of the shotgun. There exists to be and is absolutely no shotgun wounds found on Mitchell's body at autopsy nor was she killed/murdered with a shotgun? Petitioner could not have possibly killed/murdered Mitchell prior to being arrested for assault or some eighteen hours (18) prior to the body of Mitchell being discovered. Such a theory indeed be wholly inconsistent with the pathologist's [Expert witnes for the State] testimony, who testified, under oath, and in living color, the fact that it was absolutely impossible Mitchell suffered. she died instantly! No way possible she was killed or shot that many times in the head, face, and spine and lived some 18 hours or more before she succumbed to death. Such a death was tragic, but they all are! She did not suffer any pain! But, facts constitute a probability and are often false and misleading, whereas, truth constitute a

6

possibility and is neither misleading or deceitful in its application...fact are but good of our reasonably best assumptions, theories, hypothesis, but still exist to be potentially wrong. Truth, as we know and understand its reality, speaks for itself and need not facts to support it...none of the above was presented or offered at trial, only because none the wiser of defense or prosecution was showed no interest in the truth! How sad. Acquittal is in order and is long overdue!

Alexander vs. Keane, 991 F. Supp. 329 (S,D.N.Y. 1998) - in carrier, the Supreme Court defined actual innocence as a manifest showing by an otherwise barred petitioner that indeed "a constitutional violation has probably resulted in the conviction of one who is actually innocent and need be released." Carrier 477 U.S. at 496, 106 S.Ct. at 2639.

In addition, petitioner expects to show and bring to light at new trial such facts, and by clear and convincing evidence, that but for constitutional error, no reasonable juror would have found him guilty beyond a reasonable doubt. See Schulp 513 U.S.at 323-27, 115 S.Ct. at 865-67. The Schulp burden, it should be noted, is not necessarily whether no reasonable jurors would or could find petitioner guilty, but whether could/would such jurors do so beyond all reasonable doubt; and is therefore, creates a probability, a truth that constitutes a possibility that petitioner just may be innocent, that he speaks undoubtedly the truth, and too, is therefore less than the insufficiency of evidence standard of Jackson vs. Virginia, 443 U.S. 307, 99 S.Ct. 2781. It is however, a significantly higher burden than showing "prejudice and harm", which only requires "A" reasonable probability that the fact finders would-could-should have reasonable doubt, and moreover is evaluated only in light of the "evidence presented" and not necessarily all exculpatory evidence, suppressed evidence, that should have been properly introduced and presented at trial before each fact finder...see id at 332, 33, 115 S.Ct. at 870. "To pass successfully through the gateway and cross over the threshhold of actual innocence, a petitioner must not only be innocent, conclusively his case must be somewhat unique and extraordinary." id at 327, 115 S. Ct. at 867.To be credible, a claim of innocence requires one to stand defiantly in support of such allegations of constitutional error with either newly discovered or newly presented evidence that was not presented or introduced to jurors at trial. id at 324, 115 S.Ct. at 865 [emphasis added], and "in light of the new evidence...no reasonable juror acting without undue pressure or expectations, would have voted to find him guilty beyond a reasonable doubt."

Had said state-appointed counsel acted more as petitioner's advocate and protector of his rights and needs and less of an advocate and general for the prosecution, and had the defense and prosecution both been held accountable for each violation of petitioner's constitutional rights, the result of the trial would have proved itself differently!

The court does not readily understand new evidence to be limited to evidence that was suppressed, unavailable or otherwise not presented at trial,se id at 328,115 S.Ct. at 867, but evidence, however, raw or unabridged, that is new to the eyes and ears of the original fact finders and was not considered to be cognizable or otherwise suspected and/or known of its existence. Petitioner presents new reliable evidence...

The prosecution, and neither the courts nor jurors was knowledgeable of Exhibit A and Exhibit b and such evidence leads down the pathway of innocence! Petitioner avers he had neither motive, opportunity, cause, weapon...and he would not hurt or kill/murder and kidnap or cause Mitchell any pain, suffering or doubt.

Petitioner should therefore be allowed to pass safely through the gateway of constitutionality and argue freely the merits of his underlying claims of:

1. Actual innocence;

2. Denial of due process and equal protection under the law;

3. Denial of a competency hearing, and;

4. Ineffective assistance of counsel.

Herrera vs. collins, 113 S.Ct. 853; Banks vs. Dretke, 124 S.Ct. 1255, and Garcia vs. Portuodo, 334 F.Supp. 2d 446 at 457.

A habeas corpus pursuant to article 11:07 and an actual innocence claim, submitted in good faith, warrants due process consideration and review, and to consider the merits without prejudice must be the norm and order of fundamental fairness! Haley vs. Estelle, 632 F. 2d 1273- not an abuse of the writ. Simpson vs. Wainwright, 488 f.2d 494, 495 (5th Cir. 1973). Petitioner avers herein, he was then, at first filings of article 11:07 and 28 U.S.C. §2254 habeas petitions, and is now, somewhat, totally unaware of the totality and greater significance of the relevant facts and legal procedures material to his claims of innocence and violations of his constitutional rights; therefore, based on his limited grasp and understanding of the reality of law, he is entitled to judicial review, consideration, and relief. Price vs. Johnston, 334 U.S. at 291, 68 S.Ct. 1063 - a substantial conflict so exists, namely to be facts vs. truth and thereby suffers a greatly in need of a new trial or acquittal, as such would be in

8

the best interest of justice! It would surely be but an abuse of discretion and a violation of public trust not to allow for an acquittal or a new trial or otherwise to proceed forth with the authorization for a second/subsequent article 11:07 habeas corpus? Thereby allowing petitioner, to continue at best his struggle and need to pursue objectively his good faith claims and be at long last vindicated. Concrete pipe and products of Calif. vs. Const. labor pension, no. 91-904, 113 S.Ct. 2264 and Banks vs. Dretke, supra. See also Thomas vs. State 841 S.W. 2d 405 and Ex Parte Mitchell, 853 S.W. 2d 1, which lends ample support to petitioner's allegations and claims. No evidence of record, factual or legal, stand i support of such a conviction, that petitioner abducted, by force, (kidnapped) or shot or injured or murdered Mitchell. Mere presence is not enough to prove guilt or otherwise convict, nor is failing to notify authorities of a crime. Clayton vs. State, 189 S.W. 3d 254 = evidence, however circumstantial, was and is legally and factually insufficient to prove Wilbert committed the act of kidnapping and/or murder. Thus petitioner could not possibly have brandished a weapon different and inconsistent to that reported by said eye-witnesses, including but not limited to Michael Poochie Smith. A shotgun does not in any way, compare to a 22 caliber rifle! However, no weapon, neither shotgun or a 22 cal. rifle, was ever recovered for purposes of ballistic comparison and bullet analysis? See Lewis vs. State, 922 S.W. 2d at 128- and Cain vs. State. 958 S.W. 2d at 407, 408. Misconstrued facts constitute an outrage. Stone vs State, 823 S.W. 2d 375; Goodman vs. State,66 S.W. 3d 283-285, 286; Zuliani, 97 S.W. 3d 593-94 Where in fact the statement of facts and the statement of the case exist so to be,principally in serious doubt and grave error. In regards to C.H. vs. State, 89 S.W. 3d 17-25. Plain error, United States vs. Riggs, 287 F 3d 221-24 (1st cir. 2002); United States vs. Feliciano, 223 F. 3d 102, 114-15 (2nd Cir. 200). See also, Slack vs. McDaniel, 529 U.S. 473, 485-87, and United States vs. Barrett, 178 F. 3d 34, 43 (1st Cir. 1999), warrants judicial relief.

The facts underlying each claim, if proven true, and viewed in light of the new evidence as a whole, would be reasonably sufficient to establish by lcear and convincing evidence that, but for constitutional error, Brady-Banks, supra, no reasonable fact finder would have or could have found him guilty beyond a reasonable doubt of the underlying offense. Gaines vs. Allgood 391 F. 2d 692; Sanders vs. United States, 373 U.S. 1; and the Federal Civil Judicial Procedure and Rules at 1054, 1058. Atkins vs. Virginia, 122 S.Ct.2243 and ExParte McGee, 817 S.W. 2d 77. Petitioner suffers an I.Q. level of sixty eight(68) and therefore is not anattorney at law, a para legal or student of the study of law.

9

WHEREFORE PREMISES CONSIDERED, Petitioner prays Yahweh of Host, most res-
pect - fully this Honorable Court, grant and not deny him leave to proceed with
securing authorization to file a second/subsequent article 11:07 habeas corpus
or in the alternative, acquit and release him immediately from further penal
servitude and confinement or allow for a new trial! And all other relief consis-
tent and in the keeping of the best interest of justice...

It is so moved and prayed, Amen.

Respectfully submitted,

*Fred G. Wilbert*

Frederick G. Wilbert
TDCJ # 934364
Inmate /Indigent/Pro Se
MCCONNELL PRISON UNIT
3001 South Emily Drive
Beeville, Texas 78102

Executed on this _____ day of *March*, 2005

**PETITIONER'S INFORMATION**

Petitioner's printed name: Fred. G. Wilbert #934364R

Address: McConnell Prison Unit, 3 RB02E
3001 South Emily Dh.
Beeville, Texas 78102

Telephone: N/A

Fax: N/A

Signed on 3/11 , 20 15

Fred G. Wilbert
Signature of Petitioner

18

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _Fred L. Wilbert_

State bar number, if applicable: _N/A_

Address: _3001 S. Emily Dr._
_Beeville, Texas 78102_
_McConnell Prison Unit, 3B02B_

Telephone: _N/A_

Fax: _N/A_

**INMATE'S DECLARATION**

I, _Fred Wilbert_ am the applicant / petitioner (circle one) and

being presently incarcerated in _McConnell_ , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _3/11_ , 20 _15_

_Fred L. Wilbert_
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _Bee_

_Fred Wilbert_, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _11_ DAY OF _March_, 20 _15_

_____
Signature of Notary Public

16

Rev. 01/14/14