

# NUMBER 13-22-00362-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNATHAN HOOPER A/K/A
JONATHAN JUSTIN HOOPER,                                   Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the County Court at Law
of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Johnathan Hooper a/k/a Johnathan Justin Hooper was found guilty by a jury for two offenses: (1) driving while intoxicated (DWI) while having an open container of an alcoholic beverage in his immediate possession, *see* TEX. PENAL CODE ANN. § 49.04(a), (c); and (2) reckless driving. *See* TEX. TRANSP. CODE ANN. § 545.401. The jury

assessed punishment at one hundred and fifty days in the county jail for the DWI offense, and thirty days in the county jail for the reckless driving offense. The trial court sentenced appellant accordingly and ordered the sentences to run concurrently. By one issue, appellant claims the evidence supporting his conviction for DWI was insufficient. We affirm.

## I.     THE EVIDENCE

At trial, Sergeant Robert Strahan of the Aransas County Sheriff's Office testified that he worked the night shift on September 9, 2021. At 4:25 a.m., Strahan observed appellant driving a white SUV-type vehicle at a speed "well over the posted 35 mile an hour speed limit" on Corpus Christi Street, a public roadway in a residential area within Aransas County. Strahan activated his radar, which indicated the SUV was traveling 74 miles per hour. Strahan then activated his partrol car's lights and sirens and pursued appellant. According to Strahan, at one point, he passed a motorcycle that was behind appellant's SUV, and activated his radar, which indicated that the SUV was traveling 103 miles per hour. Appellant made a series of left and right turns onto other streets, driving past multiple stop signs. Strahan radioed for assistance and advised that he was conducting a "high-risk stop." Strahan explained that when the SUV made an initial left turn, appellant did not slow down in response to his patrol car's lights and sirens. According to Strahan, "[T]his [behavior signaled] that this is possibly going to continue to be an evading-type situation." The SUV stopped once Strahan was directly behind him.

Strahan ordered appellant to exit the SUV and walk backwards towards him. As appellant did so, Strahan observed that he was unsteady and unable to maintain his balance. Strahan threw appellant on the ground, and waited for another patrol unit to

2

arrive. Strahan detected an odor of an alcoholic beverage on apellant's person. Strahan asked appellant if he had anything to drink, and appellant responded that he had not been drinking. According to Strahan, appellant had "slurred speech, slowed speech, and slowed reactions" to his questions. Once another patrol unit arrived, the SUV was cleared. No other persons were found inside; however, a partially emptied open bottle of whiskey was sitting on the center console inside of the SUV. Appellant was arrested for reckless driving, and his SUV was impounded.

At the sally port of the jail, Strahan conducted standard field sobriety tests (SFSTs) on appellant—the horizontal gaze nystagmous (HGN), the walk and turn, and the one-leg stand. Strahan testified that he explained each test to appellant. Strahan observed six clues of intoxication when appellant performed the HGN test—both of appellant's eyes lacked smooth pursuit, had maximum deviation, and onset of nystagmus prior to forty-five degrees. Strahan testified that appellant had exhibited six clues of intoxication when performing the walk and turn test: appellant (1) could not keep his balance during instructions; (2) started the test too soon; (3) stepped off the line; (4) missed heel to toe; (5) turned incorrectly; and (6) took the wrong number of steps. Strahan further testified that appellant twice attempted to complete the one-leg stand test, but the test was stopped because he was unable to keep his foot raised during each attempt without losing his balance. Strahan asked appellant if he knew the alphabet and appellant said he did. Strahan then asked appellant to recite the alphabet "A to Z straight through." Appellant did not successfully recite the alphabet. According to Strahan, "He completed all the way up until point of Q and R and then went straight to X and ended there." Strahan also indicated that appellant performed a finger count test, which he was required to do four

3

times; however, appellant completed the task only once.

Strahan testified that DWI was added as a charge against appellant because the "totality of the circumstances" indicated that appellant was physically and mentally impaired by alcohol. Strahan read appellant the DIC-24 statutory warning and advised him of the consequences of refusing a blood or breath test, including that his driver's license could be suspended and that a refusal may be admissible in a subsequent prosecution. Strahan requested appellant to submit a blood test, but appellant refused and did not sign the DIC-24 form, which was later admitted as evidence.

A video recorded from a dashboard camera in Strahan's patrol unit was also admitted into evidence. The video depicted the events leading to appellant's traffic stop as well as the sobriety tests conducted at the jail. Notably, the portion of the video depicting the sobriety tests did not contain audio. Strahan also had a body camera on his person. However, according to Strahan, his body camera was out of battery before he encountered appellant.

On cross-examination, Strahan admitted that he did not write in his report that appellant had slurred speech, bloodshot or glassy eyes, or had any kind of odor of alcoholic beverage on his breath. However, in his supplemental report, Strahan indicated that the odor of alcohol on appellant's person was "strong." Strahan also noted in his supplemental report his observations of appellant's performance during the field sobriety tests. When asked about the discrepancies between his report and the supplement report, Strahan testified that the "full written report is not a second by second description of what happened," disagreed that the two were incongruent, and explained that the supplemental report adds to the full written report. Appellant offered the supplemental report into

4

evidence, which was admitted without objection.

## II.  STANDARD OF REVIEW & APPLICABLE LAW

In his sole issue, appellant argues that the evidence was legally insufficient to support his DWI conviction. The Texas Court of Criminal Appeals has held that only one standard should be used to evaluate whether the evidence is sufficient to support a criminal conviction beyond a reasonable doubt: legal sufficiency. *See Brooks v. State*, 323 S.W.3d 893, 905–07 (Tex. Crim. App. 2010) (plurality op.). Accordingly, we will apply the legal-sufficiency standard when addressing appellant's legal-sufficiency and factual-sufficiency arguments.

"In reviewing the sufficiency of the evidence to support a conviction, we consider the evidence 'in the light most favorable to the verdict' to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Delagarza v. State*, 635 S.W.3d 716, 723 (Tex. App.—Corpus Christi–Edinburg 2021, pet. ref'd) (quoting *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from the evidence that is not mere speculation. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "We resolve any evidentiary inconsistencies in favor of the verdict, keeping in mind that the factfinder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony." *Delagarza*, 635 S.W.3d at 723 (first citing *Walker v. State*, 594 S.W.3d 330, 335 (Tex. Crim. App. 2020); and then citing TEX. CODE CRIM. PROC. ANN. art. 38.04).

5

We measure the sufficiency of the evidence in reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327 (quoting *Malik*, 953 S.W.2d at 240).

In this case, the State was required to prove beyond a reasonable doubt that appellant was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a). To prove that appellant was intoxicated, the prosecution had to show either that appellant had lost the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body, or that he had an alcohol concentration of 0.08 or more. *See id.* § 49.01(2). These two methods are known, respectively, as the impairment theory of intoxication and the per se theory of intoxication. *See Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). Although generally a conviction of driving while intoxicated has a minimum term of confinement of seventy-two hours, the minimum term of confinement increases to six days if it is shown that at the time of the offense the person operating the motor vehicle had an open container of alcohol in the person's immediate possession. *Compare* TEX. PENAL CODE ANN. § 49.04(b) *with* TEX. PENAL CODE ANN. § 49.04(c).

6

### III. DISCUSSION

In this case, appellant challenges the sufficiency of the evidence to prove the element of intoxication. The record shows that Strahan was an experienced officer that had investigated three to four thousand DWI cases in his twenty-eight year career. In addition, Strahan had extensive training to detect signs of intoxication. Based on his observations and the results of the SFSTs he conducted, Strahan concluded that appellant was intoxicated under the impairment theory. *See Kirsch*, 306 S.W.3d at 743. Appellant's refusal to submit a blood test is also relevant evidence of intoxication. *See Griffith v. State,* 55 S.W.3d 598, 601 (Tex. Crim. App. 2001) (holding that refusal to take a blood-alcohol test is relevant evidence of intoxication); *see also* TEX. TRANSP. CODE ANN. § 724.061 ("A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial."); *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (recognizing that the defendant's refusal to submit to a breath test is relevant to show consciousness of guilt).

Appellant asserts that Strahan did not write in his report that appellant had "glassy or bloodshot eyes." The record, however, indicates that Strahan did not testify that appellant had "glassy or bloodshot eyes," but he nevertheless testified extensively about other indicators of intoxication. Appellant also asserts that the jury was presented with conflicting evidence on whether appellant had an odor of alcohol on his breath and slurred or slowed speech. While Strahan admitted that he did not write such details in his full written report, he nevertheless testified that such details were written in his supplemental

7

report, which was admitted into evidence. To the extent that Strahan's testimony can be considered conflicting, the jury was best situated to resolve such conflicts. *See Delagarza*, 635 S.W.3d at 723 ("[T]he factfinder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony.").

Appellant points out there was no body camera footage of the field sobriety tests and that there was no audio in the portion of the admitted dashboard camera footage depicting the field sobriety tests. Thus, according to appellant, the jury was not presented audio of the instructions that Strahan provided to appellant regarding the field sobriety tests. However, Strahan testified that he instructed appellant on how to perform each sobriety test and provided detailed observations of appellant's performance as to each test. We note again that the jury is the exclusive judge of the credibility of the witnesses. *See id.* Furthermore, the uncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *see also Rowland v. State*, No. 13-08-312-CR, 2010 WL 2638491, *3 (Tex. App—Corpus Christi–Edinburg June 29, 2010, no pet.) (mem. op., not designated for publication). In addition, the jury was able to see appellant perform the SFSTs as depicted in Strahan's patrol unit's dashboard camera footage.

Appellant contends that the evidence of his intoxication was circumstantial. However, "circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt." *Delagarza*, 635 S.W.3d at 723 (citing *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018)). Appellant also suggests that the evidence "could not have excluded every other reasonable hypothesis except that of intoxication" and cites to *Ford v. State* in support of

this proposition. 571 S.W.2d 924 (Tex. Crim. App. [Panel Op.] 1978). *Ford* states that "a conviction based upon circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or mere probability is insufficient." *Id.* at 926 (citing *Stogsdill v. State*, 552 S.W.2d 481, 486 (Tex. Crim. App. 1977)). However, appellant's reliance on *Ford* is misplaced as the Texas Court of Criminal Appeals has long since eliminated the use of what it termed the "reasonable hypothesis analytical construct" as a standard of review for evidentiary sufficiency in criminal cases. *See Geesa v. State*, 820 S.W.2d 154, 156–61 (Tex. Crim. App. 1991), *overruled on other grounds*, 28 S.W.3d 570 (Tex. Crim. App. 2000); *see also Granados v. State*, 843 S.W.2d 736, 738 n.1 (Tex. App.—Corpus Christi–Edinburg 1992, no pet.) ("*Geesa* abrogates the use of the "reasonable hypothesis analytical construct" and holds that circumstantial cases are to be analyzed solely under the standard of review enunciated in *Jackson v. Virginia* . . . ."). In rejecting the use of "reasonable hypothesis", the Court noted that such a review in circumstantial evidence cases "effectively repudiates the jury's prerogative to weigh the evidence, to judge the credibility of the witnesses, and to choose between conflicting theories of the case." *Id.* at 159. Because it has been abrogated, we decline to apply the "reasonable hypothesis analytical construct" when reviewing the legal sufficiency of the evidence in this case. *See id.*

Appellant also raises a sufficiency challenge related to the open container enhancement. Appellant argues that "Strahan did not know who[m] the vehicle that [appellant was] driving was registered to, whether it belonged to [appellant] or whether [appellant] ha[d] sole control over it." Such considerations are not required elements of

9

DWI, or the open container enhancement. *See* TEX. PENAL CODE ANN. § 49.04(a), (c). The record demonstrates that appellant was the driver and sole occupant of the SUV at the time of the stop. In addition, Strahan testified that a partially emptied open bottle of whiskey was sitting on the center console inside of the SUV, indicating that appellant had an open container of alcohol in his immediate possession at the time he committed the DWI offense. *See id.* § 49.04(c).

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found that appellant was driving while intoxicated while having an open container of an alcoholic beverage in his immediate possession. *See Delagarza*, 635 S.W.3d at 723. We therefore conclude the evidence was legally sufficient to sustain appellant's DWI conviction. We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
15th day of June, 2023.